**RECORD NO. 13-2345**

In The

# United States Court Of Appeals
## For The Fourth Circuit

**UNITED STATES OF AMERICA EX REL. KAREN T. WILSON,**

*Plaintiff – Appellant,*

v.

**GRAHAM COUNTY SOIL & WATER CONSERVATION DISTRICT;
CHEROKEE COUNTY SOIL & WATER CONSERVATION DISTRICT;
RICHARD GREENE, in his individual capacity; WILLIAM TIMPSON, in his
individual capacity; KEITH ORR, in his individual and official capacities;
RAYMOND WILLIAMS, in his individual capacity; DALE WIGGINS, in his
individual capacity; GERALD PHILLIPS, in his individual capacity;
ALLEN DEHART, in his individual capacity; LLOYD MILLSAPS, in his
official capacity; BILLY BROWN, in his individual capacity; LYNN CODY, in
his individual capacity; BILL TIPTON, in his official capacity; C. B. NEWTON,
in his individual capacity; EDDIE WOOD, in his individual capacity;
GRAHAM COUNTY,**

*Defendants – Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT BRYSON CITY
_____

BRIEF OF APPELLEES
GRAHAM COUNTY SOIL AND WATER CONSERVATION DISTRICT,
RAYMOND WILLIAMS, DALE WIGGINS, GERALD PHILLIPS,
ALLEN DEHART, LLOYD MILLSAPS, LYNN CODY,
AND GRAHAM COUNTY
_____

Sean F. Perrin
WOMBLE CARLYLE SANDRIDGE
 & RICE, LLP
301 South College Street
Suite 3500
Charlotte, NC  28202
(704) 331-4992

*Counsel for Appellees Graham County,
Dale Wiggins, Raymond Williams, and
Lynn Cody*

Martin McCracken
NORTH CAROLINA
 DEPARTMENT OF JUSTICE
1505 Mail Service Center
Raleigh, NC  27699
(919) 707-4480

*Counsel for Appellees Graham County Soil and
Water Conservation District, Gerald Phillips,
Allen Dehart, Lloyd Millsaps, Cherokee County
Soil and Water Conservation District, Bill Tipton,
C.B. Newton and Eddie Wood*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of all parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __13-2345__       Caption: US EX REL. KAREN WILSON V. GRAHAM COUNTY SOIL WATER

Pursuant to FRAP 26.1 and Local Rule 26.1,

__DALE WIGGINS__
(name of party/amicus)


who is _____APPELLANT_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.    Is party/amicus a publicly held corporation or other publicly held entity?    ☐ YES ☑ NO


2.    Does party/amicus have any parent corporations?                    ☐ YES ☑ NO
      If yes, identify all parent corporations, including grandparent and great-grandparent
      corporations:


3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
      other publicly held entity?                                ☐ YES ☑ NO
      If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☐ YES ☑ NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)  ☐ YES ☑ NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?  ☐ YES ☑ NO
    If yes, identify any trustee and the members of any creditors' committee:

Signature: _____     Date: 11/15/13

Counsel for: GRAHAM COUNTY

## CERTIFICATE OF SERVICE

****************************

I certify that on __11/15/13__ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

SEE ATTACHED SHEET

_____          11/15/13
(signature)                     (date)

- 2 -

Mr. Mark Tucker Hurt: markthurt@yahoo.com
Mr. James P. Longest, Jr.: rlongest@ncdoj.gov
Mr. Scott Douglas MacLatchie: smaclatchie@wcsr.com, phuff@wcsr.com
Mr. Brian S. McCoy: bmccoy@mccoylawfirm.com
Mr. Zeyland G. McKinney, Jr.: zeyland@mckinneyandtallant.com
Mrs. Sueanna Peeler Sumpter, Assistant Attorney General: wokray@ncdoj.gov

Billy Brown
P. O. Box 1185
Robbinsville, NC 28771

Richard Greene
P. O. Box 96
Topton, NC 28781

Jennie Wilhelm Hauser
OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA
P. O. Box 629
Raleigh, NC 27602-0629

Ms. Jill Beth Hickey, Assistant Attorney General
NORTH CAROLINA DEPARTMENT OF JUSTICE
114 West Edenton Street
P. O. Box 629
Raleigh, NC 27602

Robert Bement Ingalls, Jr.
MCCOY LAW FIRM, LLC
378 East Main Street
Rock Hill, SC 29730

Mr. T. Lane Mallonee, Jr.
OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA
42 North French Broad Avenue
Asheville, NC 28801-0000

Martin McCracken
P. O. Box 31814
Charlotte, NC 28231-0000

Paul B. Taylor
UNITED STATES DISTRICT COURT
Western District of North Carolina
Room 168
Charles R. Jonas Federal Building
401 West Trade Street
Charlotte, NC 28202-0000

William Timpson
P. O. Box 318
Marble, NC 28905-0196

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. <u>13-2345</u>     Caption: <u>US EX REL. KAREN WILSON V. GRAHAM COUNTY SOIL WATER</u>

Pursuant to FRAP 26.1 and Local Rule 26.1,

<u>RAYMOND WILLIAMS</u>
(name of party/amicus)

_____

who is _____<u>APPELLANT</u>_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?   ☐YES ☑NO

2.    Does party/amicus have any parent corporations?                              ☐YES ☑NO
      If yes, identify all parent corporations, including grandparent and great-grandparent
      corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
      other publicly held entity?                                                 ☐YES ☑NO
      If yes, identify all such owners:

4.   Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☐YES ☑NO
     If yes, identify entity and nature of interest:

5.   Is party a trade association? (amici curiae do not complete this question)  ☐YES ☑NO
     If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.   Does this case arise out of a bankruptcy proceeding?  ☐YES ☑NO
     If yes, identify any trustee and the members of any creditors' committee:

Signature: _____     Date: ___11/15/13___

Counsel for: GRAHAM COUNTY

## CERTIFICATE OF SERVICE
*****************************

I certify that on ___11/15/13___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

SEE ATTACHED SHEET

_____          ___11/15/13___
       (signature)                      (date)

Mr. Mark Tucker Hurt: markthurt@yahoo.com
Mr. James P. Longest, Jr.: rlongest@ncdoj.gov
Mr. Scott Douglas MacLatchie: smaclatchie@wcsr.com, phuff@wcsr.com
Mr. Brian S. McCoy: bmccoy@mccoylawfirm.com
Mr. Zeyland G. McKinney, Jr.: zeyland@mckinneyandtallant.com
Mrs. Sueanna Peeler Sumpter, Assistant Attorney General: wokray@ncdoj.gov

Billy Brown
P. O. Box 1185
Robbinsville, NC 28771

Richard Greene
P. O. Box 96
Topton, NC 28781

Jennie Wilhelm Hauser
OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA
P. O. Box 629
Raleigh, NC 27602-0629

Ms. Jill Beth Hickey, Assistant Attorney General
NORTH CAROLINA DEPARTMENT OF JUSTICE
114 West Edenton Street
P. O. Box 629
Raleigh, NC 27602

Robert Bement Ingalls, Jr.
MCCOY LAW FIRM, LLC
378 East Main Street
Rock Hill, SC 29730

Mr. T. Lane Mallonee, Jr.
OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA
42 North French Broad Avenue
Asheville, NC 28801-0000

Martin McCracken
P. O. Box 31814
Charlotte, NC 28231-0000

Paul B. Taylor
UNITED STATES DISTRICT COURT
Western District of North Carolina
Room 168
Charles R. Jonas Federal Building
401 West Trade Street
Charlotte, NC 28202-0000

William Timpson
P. O. Box 318
Marble, NC 28905-0196

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of all parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __13-2345__     Caption: US EX REL. KAREN WILSON V. GRAHAM COUNTY SOIL WATER

Pursuant to FRAP 26.1 and Local Rule 26.1,

GRAHAM COUNTY
(name of party/amicus)

who is _____APPELLANT_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.  Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2.  Does party/amicus have any parent corporations?  ☐ YES ☑ NO
    If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.  Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO
    If yes, identify all such owners:

10/28/2013 SCC                                    - 1 -

4.    Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?    ☐ YES ☑ NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: _____    Date: __11/15/13__

Counsel for: GRAHAM COUNTY

## CERTIFICATE OF SERVICE
****************************

I certify that on __11/15/13__ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

SEE ATTACHED SHEET

_____
(signature)

__11/15/13__
(date)

- 2 -

Mr. Mark Tucker Hurt: markthurt@yahoo.com
Mr. James P. Longest, Jr.: rlongest@ncdoj.gov
Mr. Scott Douglas MacLatchie: smaclatchie@wcsr.com, phuff@wcsr.com
Mr. Brian S. McCoy: bmccoy@mccoylawfirm.com
Mr. Zeyland G. McKinney, Jr.: zeyland@mckinneyandtallant.com
Mrs. Sueanna Peeler Sumpter, Assistant Attorney General: wokray@ncdoj.gov

Billy Brown
P. O. Box 1185
Robbinsville, NC 28771

Richard Greene
P. O. Box 96
Topton, NC 28781

Jennie Wilhelm Hauser
OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA
P. O. Box 629
Raleigh, NC 27602-0629

Ms. Jill Beth Hickey, Assistant Attorney General
NORTH CAROLINA DEPARTMENT OF JUSTICE
114 West Edenton Street
P. O. Box 629
Raleigh, NC 27602

Robert Bement Ingalls, Jr.
MCCOY LAW FIRM, LLC
378 East Main Street
Rock Hill, SC 29730

Mr. T. Lane Mallonee, Jr.
OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA
42 North French Broad Avenue
Asheville, NC 28801-0000

Martin McCracken
P. O. Box 31814
Charlotte, NC 28231-0000

Paul B. Taylor
UNITED STATES DISTRICT COURT
Western District of North Carolina
Room 168
Charles R. Jonas Federal Building
401 West Trade Street
Charlotte, NC 28202-0000

William Timpson
P. O. Box 318
Marble, NC 28905-0196

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of all parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. 13-2345      Caption: US EX REL. KAREN WILSON V. GRAHAM COUNTY SOIL WATER

Pursuant to FRAP 26.1 and Local Rule 26.1,

LYNN CODY
(name of party/amicus)

who is _____ Appellee _____ , makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.  Is party/amicus a publicly held corporation or other publicly held entity? ☐ YES ☑ NO

2.  Does party/amicus have any parent corporations?                          ☐ YES ☑ NO
    If yes, identify all parent corporations, including grandparent and great-grandparent
    corporations:

3.  Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
    other publicly held entity?                                             ☐ YES ☑ NO
    If yes, identify all such owners:

10/28/2013 SCC                              - 1 -

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☐YES ☑NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)  ☐YES ☑NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?  ☐YES ☑NO
    If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ Sean Perrin                          Date:        11/21/13

Counsel for: Lynn Cody

## CERTIFICATE OF SERVICE
**************************

I certify that on _____11/21/13_____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:
See attached sheet

/s/ Sean Perrin                                    11/21/13
    (signature)                                      (date)

- 2 -

Martin McCracken
P. O. Box 31814
Charlotte, NC 28231-0000

Ms. Jill Beth Hickey, Assistant Attorney General
NORTH CAROLINA DEPARTMENT OF JUSTICE
114 West Edenton Street
P. O. Box 629
Raleigh, NC 27602

Mr. T. Lane Mallonee, Jr.
OFFICE OF THE ATTORNEY GENERALOF NC
42 North French Broad Avenue
Asheville, NC 28801-0000

Paul B. Taylor
UNITED STATES DISTRICT COURT
Western District of North Carolina, Room 168
Charles R. Jonas Federal Building
401 West Trade Street
Charlotte, NC 28202-0000

Robert Bement Ingalls, Jr.
MCCOY LAW FIRM, LLC
378 East Main Street
Rock Hill, SC 29730

Jennie Wilhelm Hauser
OFFICE OF THE ATTORNEY GENERAL OF NC
P. O. Box 629
Raleigh, NC 27602-0629

William Timpson
P. O. Box 318
Marble, NC 28905-0196

Richard Greene
P. O. Box 96
Topton, NC 28781

Billy Brown
P. O. Box 1185
Robbinsville, NC 28771

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. _____    Caption: _____

Pursuant to FRAP 26.1 and Local Rule 26.1,

_____
(name of party/amicus)

_____

 who is _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?    YES    NO

2.    Does party/amicus have any parent corporations?    YES    NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?    YES    NO
      If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct
financial interest in the outcome of the litigation (Local Rule 26.1(b))?        YES      NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)      YES      NO
If yes, identify any publicly held member whose stock or equity value could be affected
substantially by the outcome of the proceeding or whose claims the trade association is
pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?                          YES      NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: _____        Date: _____

Counsel for: _____

## CERTIFICATE OF SERVICE

**************************

I certify that on _____ the foregoing document was served on all parties or their
counsel of record through the CM/ECF system if they are registered users or, if they are not, by
serving a true and correct copy at the addresses listed below:

_____                    _____
(signature)                                                        (date)

- 2 -

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ iii

STATEMENT OF THE FACTS .........................................................................1

     A.    Project Agreements in Graham County ..............................................1

     B.    Project Agreement in Cherokee County ..............................................3

     C.    Keith Orr is Hired to Perform the Work for Project 650 ....................3

     D.    The Audit Report ...............................................................................4

     E.    Wilson's December 7, 1995 Letter to the USDA ...............................5

     F.    The USDA Report ...............................................................................5

     G.    The Allegations in the Third Amended Complaint............................6

          1.    The allegations related to Project 650........................................6

          2.    The allegations related to Project 640........................................6

SUMMARY OF THE ARGUMENT .....................................................................7

ARGUMENT ....................................................................................................8

I.    The District Court Did Not Err in Concluding That the Public Disclosure Bar Was Triggered ......................................................................8

     A.    The District Court did not err in concluding that the Audit Report and USDA Report were publicly disclosed ............................9

          1.    The Audit Report ....................................................................10

          2.    USDA Report............................................................................11

B.    The District Court did not err in concluding that Wilson derived her allegations from the Audit Report and USDA Report because the allegations in the Third Amended Complaint are virtually identical to the Public Disclosures.......................................13

    1.    The Audit Report ......................................................13

    2.    The USDA Report...................................................15

C.    The District Court did not err in Concluding that Wilson was Not an Original Source......................................................16

    1.    The Audit Report ......................................................17

    2.    The USDA Report...................................................19

    3.    Even if Relator did not derive her claims against the Cherokee County Defendants from the USDA report, the trial court did not err in finding that she had failed to carry her burden to establish she was an original source..........20

CONCLUSION .................................................................21

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Battle v. Board of Regents for the State of Georgia,*
    468 F.3d. 755 (11th Cir. 2006) ..................................................................19

*Easley v. Cromartie,*
    532 U.S. 234, 121 S. Ct. 1452, 149 L. Ed. 2d 430 (2001) .............................9

*Graham County Soil and Water Conservation District v.*
*United States of America ex. rel. Wilson,*
    559 U.S. 280, 130 S. Ct. 1396, 176 L. Ed. 2d 225 (2010) ............................9

*In Re:  Holcomb Health Care Services, LLC,*
    329 B.R. 622  (Bkr. M.D. Tenn. 2004) .........................................................4

*Rockwell International Corp v. United States of America ex. rel. Stone,*
    549 U.S. 457, 127 S.Ct. 1397, 167 L. Ed. 2d 190 (2007) ..............................8

*United States of America ex rel. Beauchamp v.*
*Academi Training Center,*
    933 F. Supp. 2d 825 (E.D. Va. 2013) ..........................................................12

*United States of America v. Catholic Healthcare West,*
    445 F.3d. 1147 (9th Cir. 2006) ..................................................................19

*United States of America ex. rel. Davis v. Prince,*
    753 F. Supp. 2d 569 (E.D. Va. 2011) ...........................................................9

*United States of America ex rel. Feingold v. AdminaStar Federal, Inc.,*
    324 F.3d 492 (7th Cir. 2003) ................................................................11, 12

*United States of America ex. rel. Grayson v.*
*Advanced Management Technology, Inc.,*
    221 F.3d 580  (4th Cir. 2000) ................................................................16, 17

*United States of America ex. rel.  Hagood v.*
*Sonoma County Water Agency,*
    81 F.3d 1465 (9th Cir. 1996) .....................................................................9

*United States of America ex. rel. Lowman v. Hilton Health Sys., LP,*
    487 F. Supp. 2d 682 (D.S.C. 2007) ..............................................13

*United States of America v. Horace Richard Greene,*
    No. 2:98cr 083 (W.D.N.C. 2000) ..............................................12

*United States of America ex rel Siller v. Becton Dickinson & Co.,*
    21 F.3d 1339 (4th Cir. 1994) ..............................................12, 13

*United States of America ex. rel. Stinson, Lyons, Gerlin,*
*and Bustamante, P.A. v. The Prudential Life Ins. Co.,*
    944 F.2d 1149 (3d Cir. 1991) ..............................................20

*United States of America ex. rel. Vuyyuru v. Jadhav,*
    555 F.3d. 337 (4th Cir. 2009) ..............................................8, 13, 16, 17

## STATUTES

31 U.S.C. § 3730(e)(4)..............................................8

31 U.S.C. § 3730(e)(4)(a) ..............................................8, 9, 10, 13

31 U.S.C. § 3730(e)(4)(b) ..............................................17

31 U.S.C. § 7502(c) ..............................................10

31 U.S.C. § 7502(g)(2)..............................................10

31 U.S.C. § 7502(h) ..............................................10, 11

31 U.S.C. § 7503(f)..............................................11

N.C.G.S. § 132-1, *et. seq.* ..............................................10

N.C.G.S. § 143-131 ..............................................4

N.C.G.S. § 159-3..............................................10

N.C.G.S. § 159-34..............................................11

## STATEMENT OF THE FACTS

On February 15 and 16, 1995, a flood caused Tallulah Creek and Valley River, the main tributaries in both Graham and Cherokee counties, to wash out of their banks, causing considerable damage. (338-339). The flood downed trees, blocking the river and creating a hazard which threatened farmland and the stability of the river banks. (339).

### A.    Project Agreements in Graham County

To repair this damage, Graham County applied for assistance under the Emergency Watershed Protection Program ("EWP") (454) and, after the application for EWP assistance was accepted, Graham County signed two EWP project agreements with the Natural Resources Conservation Service ("NRCS")[1], 69-4532-5-630 and 69-4532-5-650) in 1995. (347- ¶¶5-7).  Defendants Dale Wiggins, Raymond Williams, and Lynn Cody were the Graham County Commissioners during this time.[2]  (48- ¶¶17-19).

Graham County made a total of seven requests for reimbursement to the federal government, through the use of a Standard Form 270, under 69-4532-5-630 (3 requests for reimbursement) and 69-4532-5-650 (4 requests for reimbursement).

---

[1] The NRCS is an agency of the United States Department of Agriculture ("USDA") that provides conservation planning and assistance to landowners. The NRCS was responsible for administering the EWP program.

[2] Along with Graham County, they are referred to as the Graham County Defendants.

1

(347- ¶11).  In her Third Amended Complaint ("TAC"), the Relator does not contend any false claims for reimbursement were made under Project Agreement 69-4532-5-630.  (46-63).

The second project agreement, number 69-4532-5-650 ("Project 650") was an agreement between Graham County and NRCS for seedbed preparation, seeding, application of lime and fertilizer, mulching, tree planting, and placement of geotextile fabric filler cloth, rock riprap, and cribbing structures in the Cheoah River Watershed and tributaries.    (347- ¶7; 501-512).    Project 650 was a performance of work agreement.  (347-¶7).  A performance of work agreement is an agreement with a sponsor, either a county, or a soil and water conservation district, where they provide the services through their own forces.  (*Id*. -¶8).

To accomplish this work, Graham County entered into an arrangement with the Graham County Soil and Water Conservation District ("Graham District") to perform the specific work.  (*Id.*- ¶9).  Defendants Gerald Phillips, Allen Dehart, and Lloyd Millsaps were board members of the Graham District.[3]  (48- ¶¶12-14).  It was NRCS' responsibility to certify that the work was properly performed and done in compliance with the contract. (348-¶14).  No reimbursement could be made until the government representative and the inspector provided such

_____

[3] Along with the Graham District, these Defendants are referred to as the Graham District Defendants.

2

certification. (*Id.* - ¶¶1417). Defendants and USDA employees Richard Greene and Bill Timpson were responsible for inspecting the EWP work. (440).

### B.    Project Agreement in Cherokee County

The Cherokee County Board of Commissioners entered into a performance of work agreement, Project Agreement 69-4532-5-640 ("Project 640"), with NRCS in May 1995. (269). Cherokee County entered into an agreement with the Cherokee County Soil and Water Conservation District ("Cherokee District") to perform the work. Bill Tipton, C.B. Newton, and Eddie Wood were board members of the Cherokee District.[4]

### C.    Keith Orr is Hired to Perform the Work for Project 650

The Graham District hired defendant Keith Orr, a Graham District employee, to do the seeding and cribbing work for Project 650. (368). Orr completed the seeding and cribbing work after-hours and during the weekends. (368-369). As a result, Orr did not violate NRCS regulations in doing so. (481). Orr presented his bills to the Relator, the Graham District secretary, and the Graham District would approve the bill. (373-374). When the payment was made to Orr by the Graham District, the Graham District would request reimbursement from Graham County. (374). When Graham County received the reimbursement request, Graham County would reimburse the Graham District out of EWP funds.

---

[4] Along with the Cherokee District, they are referred to as the Cherokee District Defendants.

(374-375).  Graham County submitted requests for reimbursements to the federal government on June 19, 1995, August 7, 1995, August 25, 1995, and September 7, 1995.  (349-¶20).

### D.    The Audit Report

On April 26, 1996, an Agreed Upon Procedures Report[5] ("Audit Report") was conducted by Crisp Hughes and Company for the EWP program in Graham County, from March 27 through November 8, 1995. (378-379).  The Audit Report contained four major findings. First, the audit stated that the County paid more "than the invoice details supported." (382).  Second, "[r]equests for reimbursement were not supported by invoices or other documentation dated prior to the date of reimbursement request." (383).   Third, "[c]ertain portions of the project were completed by an individual who was an approved project inspector.  This appears to be a violation of the County's code of conduct." (383).  Last, the audit stated that "N.C.G.S. 143-131 requires contracts for construction or repairs costing from $5,000 to $50,000 be awarded in accordance with an informal bidding process.  No documentation was available to indicate that informal bid requirements had been complied with." (383).

---

[5]An agreed upon Procedures Report is an informal audit which provides answers to specified questions concerning financial records and issues.  *In Re:  Holcomb Health Care Services, LLC*, 329 B.R. 622, 666 (Bkr. M.D. Tenn. 2004).

4

### E.    Wilson's December 7, 1995 Letter to the USDA

In a letter sent to USDA official Richard Gallo on December 7, 1995 before the release of the Audit Report, Wilson stated that "[a]s for the EWP-216 Project we are now being audited by county auditors." (388). She continued: "[t]he auditors informed me that Keith [Orr] as a salaried employee should of [sic] never received these funds." (388). Wilson confirmed that these were the Crisp Hughes' auditors. (391-392). In her letter to Gallo, she acknowledges that "[m]ost of the time the SWCD and Graham County has [sic] been misinformed and kept in the dark continuously about the project and funds." (388). With respect to the payments for the EWP program, Wilson commented that "we don't know who was billed for what, or why." (388).

### F.    The USDA Report

A USDA report, issued by Special Agent A. Kenneth Golec on August 13, 1997, contains Golec's findings in connection with the removal and sale of logs in connection with the 640 Project. (264-272). Golec concluded that Greene improperly received payment from Valwood lumber or pulp mill for the delivery of trees removed from the EWP sites. *Id.* Although Wilson provided a statement to USDA Special Agent Golec on November 16, 1996, Wilson was not listed as a source for this information in Golec's report. *Id.* Furthermore, as the trial court noted, the bookkeeper for Valwood averred that Relator did not contact her about

5

these payments to Greene until well after the publication of the USDA report and one year after filing suit.  (Docket Entry 262-1, pp. 15-16).

### G.    The Allegations in the Third Amended Complaint

#### 1.    The allegations related to Project 650

In her TAC, the Relator claims that the four SF-270s submitted for Agreement 650 were false in two respects.  First, she claims that the Graham County Defendants, Graham District Defendants, and Orr did not comply with Project 650 in the following ways:  Orr did not bid for the seeding or cribbing contracts, (50- ¶31a), Orr was prohibited from doing the work under the Graham County Code of Conduct (372), Orr inspected his own seeding (50- ¶31a), and the Relator did not inspect the seeding.  (394- ¶F).  The Relator also asserted that some of the work that was certified was, in fact, not done.  (51-¶31e).  Despite these claims, the NRCS acknowledged that bidding was not required, nor was Orr prohibited from doing the work, and all the work certified was done.  (322-323, 328-329, 346-349).

#### 2.    The allegations related to Project 640

In her TAC, the Relator also alleged that Orr, Greene, and Timpson took the logs that were cut for the 640 Project and sold them for personal profit.  (51-52- ¶31f).  The allegations regarding the 640 Project are limited to the illegal sale to Valwood of downed timber removed from the river and are not directed to the

Graham County Defendants or Graham District Defendants, but only to Orr, Greene, and Timpson.

## SUMMARY OF THE ARGUMENT

The district court properly dismissed this action for lack of subject matter jurisdiction because the FCA's public disclosure bar precluded the action. The Relator's TAC was derived from 2 public disclosures, the Audit Report and the USDA report, and the Relator was not an original source of the allegations contained in the TAC.

Both the Audit Report and USDA report were public records which were made available to the public, triggering the public disclosure bar. The USDA Report was also the basis for a criminal prosecution against Richard Greene, which occurred prior to the Relator making any allegations concerning Project 640 and Valwood. In addition, the allegations in the TAC contain the same allegations as those contained in the Audit Report and USDA Report. Last, the Relator was not an original source of this information as evidenced by her lack of specific knowledge concerning any alleged fraud in her letter to Richard Gallo and the lack of any information in her minutes, both of which occurred before the Audit Report was issued. After the Audit Report was issued, the Relator gave a more detailed statement to USDA Special Agent A. Kenneth Golec, tracking the allegations in the Audit Report, but without any allegations concerning the 640 Project.

## ARGUMENT

### I.     The District Court Did Not Err In Concluding That The Public Disclosure Bar Was Triggered

Section 3730(e)(4)(a) of the False Claims Act bars federal courts from having subject matter jurisdiction over certain *qui-tam* claims.  It provides that "[n]o court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information."  The jurisdictional questions are considered on a claim by claim basis.  *Rockwell International Corp v. United States of America ex. rel. Stone*, 549 U.S. 457, 473-476, 127 S. Ct. 1397, 167 L. Ed. 2d 190 (2007).

The Relator bears the burden of proving subject matter jurisdiction beyond a preponderance of the evidence.  *United States of America ex. rel. Vuyyuru v. Jadhav*, 555 F.3d. 337, 348 (4th Cir. 2009) ("[o]nce Defendants challenged the district court's subject matter jurisdiction under § 3730(e)(4)… Relator Vuyyuru first bore the burden of proving that the allegations underpinning his FCA claims were not 'based upon'" the public disclosures.).

8

The district court did not err in holding that the Relator did not prove subject matter jurisdiction by a preponderance of the evidence. The fact that another Court may have decided the case differently on the same facts is an insufficient basis to overturn a finding of fact. *See Easley v. Cromartie*, 532 U.S. 234, 242, 121 S. Ct. 1452, 149 L. Ed. 2d 430 (2001). The Relator cannot show, as she must, that the district court's conclusions were clearly erroneous.

### A. The District Court did not err in concluding that the Audit Report and USDA Report were publicly disclosed

It is uncontested that the Audit Report and USDA report qualify as sources under § 3730(e)(4)(a). *Graham County Soil and Water Conservation District v. United States of America ex. rel. Wilson*, 559 U.S. 280, 301-302, 130 S. Ct. 1396, 176 L. Ed. 2d 225 (2010).

Despite the Relator's protestations to the contrary, the "public disclosure" standard is not intended to be difficult to meet. *United States of America ex. rel. Hagood v. Sonoma County Water Agency*, 81 F.3d 1465, 1476 n. 18 (9th Cir. 1996) (noting that courts often treat the "based upon public disclosure" step as a "quick trigger to get to the more exacting original source inquiry."). A document which is generally available to the public or in the public domain is publically disclosed. *United States of America ex. rel. Davis v. Prince*, 753 F. Supp. 2d 569, 580 (E.D. Va. 2011) ("Although the Fourth Circuit has not construed the term 'public' as

used in § 3730(e)(4)(A), other circuits have done so, reaching essentially similar results"… [of] "generally available to the public"…[or] "in the 'public domain.'")

### 1.    The Audit Report

The Audit Report was distributed to the North Carolina Local Government Commission ("LGC"), a state agency with the responsibility for overseeing local government finance under N.C.G.S. § 159-3, the Graham District, and the United States Department of Agriculture. (378).

The Audit was readily available to the public under state and federal law. First, the audit constitutes a public record under the North Carolina's Public Records Act. N.C.G.S. §§ 132-1 *et. seq.* Under the North Carolina Public Records Act, members of the public could request and receive the audit, which the Relator did "as soon as it was available." (341). Second, the audit was prepared by Crisp and Hughes, not as a routine audit, but as part of its review of Graham County's expenditures of federal funds. (380). As a recipient of federal funds, Graham County was required to file a financial audit with the federal government by an independent auditor. 31 U.S.C. §§ 7502(c), (h). Consistent with this requirement, Graham County retained Crisp and Hughes to conduct its audit. Crisp and Hughes was required to report to the federal government any non-compliance with laws and regulations discovered as a result of the audit. 31 U.S.C. §§ 7502 (c), (g)(2). In addition to the audit itself, Crisp and Hughes was required to provide the federal

government with access to all of its' working papers. 31 U.S.C. § 7503(f). The audits that are filed by States and local governments are made available to the public through a federal clearinghouse. 31 U.S.C. § 7502(h). Under North Carolina law, all local government audits required by the federal Single Audit Act, like the Audit Report, are also filed with the LGC, which requires that the auditor's workpapers be made available to both the state and federal government upon request. N.C.G.S. § 159-34.

### 2.    USDA Report

Agent Golec's August 13, 1997, report was distributed to the NRCS Chief; the NRCS Deputy Chief for Management and Strategic Planning for NCRS; Program Manager, Employee Relations Division, HRM[6]; Associate General Counsel, the Office of General Counsel for USDA; Regional Attorney, the Office of General Counsel for USDA; the North Carolina State Bureau of Investigations; the Assistant Inspector General; and the US Attorney's Office. (264). As a result, the USDA Report was publically disclosed. *United States of America ex. rel. Feingold v. AdminaStar Federal*, 324 F.3d 492, 496 (7[th.] Cir. 2003) (finding Healthcare Financing Administration reports publically disclosed "[b]ecause the purpose of a public disclosure is to alert the responsible authority that fraud may be afoot, and that purpose is served where that authority has itself issued the reports

---

[6]  The USDA Report does not identify what this acronym stands for.

11

containing information that substantiates an allegation of fraud."). The allegations contained in the USDA Report also led to Greene's indictment on December 8, 1998, and conviction on March 18, 1999. *See United States of America v. Horace Richard Greene*, 2:98-cr-083.

The purpose of the public disclosure bar is "to prevent 'parasitic' *qui tam* actions in which relators, rather than bringing to light independently-discovered information of fraud, simply feed off of previous disclosures of government fraud." *United States of America ex. rel. Siller v. Becton Dickinson & Co.*, 21 F.3d 1339, 1347 (4th Cir. 1994). "[A] public disclosure happens when the critical elements exposing the transaction as fraudulent are placed in the public domain." *United States of America ex. rel. Beauchamp v. Academi Training Center*, 933 F. Supp. 2d 825, 840 n. 28 (E.D. Va. 2013), *quoting United States of America ex. rel. Feingold*, 324 F.3d at 495. It is clear that the Project 640 allegations contained in the Relator's TAC were already made known to the agency alleged defrauded, the USDA, when Golec issued his investigative report in August 1997. In addition, the allegations contained in the USDA Report were made public during Greene's criminal trial. It is absurd to suggest that an investigative report issued by the same agency which was allegedly defrauded, and whose findings formed the basis for a criminal indictment and conviction, were not publically disclosed.

12

**B.    The District Court did not err in concluding that Wilson derived her allegations from the Audit Report and USDA Report because the allegations in the Third Amended Complaint are virtually identical to the Public Disclosures.**

**1.    The Audit Report**

It is clear that the Relator's claims in the TAC against the Graham County Defendants, Graham District Defendants, and Orr are derived from the Audit Report. *United States of America ex. rel. Siller*, 21 F.3d at 1349 ("based upon" under section 3730(e)(4)(a) means "derived from.")  The jurisdictional requirement also bars claims even if they are partly derived from a public disclosure *U.S. ex. rel. Vuyyuru*, 555 F.3d at 351.  The Relator's TAC is a mirror image of the Audit Report.  The Audit Report alleged that 1) Orr was not an approved inspector; 2) there was no bidding for the projects; 3) Orr should not have inspected his own seeding; and 4) the seeding done by Orr was not actually completed.  These exact same allegations are contained in her TAC.  Notably, the Relator does not make additional allegations in her TAC related to Project 650, separate and apart from the allegations contained in the Audit Report.  *See United States of America ex. rel. Lowman v. Hilton Health Sys., LP*, 487 F. Supp. 2d 682, 693 (D.S.C. 2007) (holding that relator did not derive allegations from public disclosure, in part, because the relator's complaint alleged wrongdoing never mentioned in the public disclosure.).

The Relator's claims that her letter to Gallo on December 7, 1995, and November 14, 1996 statement to Special Agent A. Kenneth Golec after the Audit Report was released indicate that she knew of this public wrongdoing before the disclosures from the Audit Report, is contradicted by the record in this case.  First, the Relator's letter to Gallo informed him that her employer, the District, and Graham County, were "**kept in the dark**" about the EWP project and "**don't know who was billed for what, or why**."  (Emphasis added).  Rather than showing knowledge, the letter demonstrates that Wilson knew nothing about the administration of the EWP program in Graham County.  The Relator's conduct prior to the release of the audit was consistent with her statement to Gallo that Graham County and the Graham District were unaware of any wrongdoing.  In fact, after receipt of the Audit Report, Wilson's statement to Golec contains much of the same information contained in the Audit Report, which she had no knowledge of in her letter to Gallo almost one year earlier.  (136-142).

As the Graham District secretary, Wilson was responsible for taking minutes at Graham District meetings, and she did not omit anything. (412-416).  Neither the minutes nor the taped recordings of the meetings contain any reference to the complaints she raised in the TAC, including about Keith Orr getting paid.  (412-423).

14

In addition to the omission of any problems in the minutes, the Relator's actions prior to her review of the audit also contradict her claim that the TAC was not based upon the Audit Report. If the Relator knew of the allegations in the TAC before she received the Audit Report, her conduct abetted the allegedly fraudulent conduct of which she now complains. For instance, the Relator claims that Orr should not have been paid because he was prohibited from doing the work under the Graham County Code of Conduct, inspected his own seeding, and some of the seeding was not completed. (50- ¶31a, 372, 394- ¶f). However, the Relator wrote checks to Keith Orr for this allegedly fraudulent work under the EWP (426-427, 431). The Relator was reprimanded by Graham County District finance officer Kim Crisp in January 1996, after the letter to Gallo, for errors in writing checks to Orr. (435). The Relator's complicity in this alleged fraud, prior to the Audit Report being released, is clear evidence that the TAC was based on the Audit Report. Otherwise, the Relator admittedly assisted Orr in defrauding the government.

### 2. The USDA Report

Although Wilson has alleged that "similar false claims were made in Cherokee County" as well, she had failed to specify any false claim actually made other than those supposedly arising from the theft of timber from the Valley River and sale to Valwood. The claim concerning Valwood forms a substantial portion

15

of the USDA Report, which led to Greene's indictment and conviction.  In her letter to Gallo, Wilson does not mention anything concerning the 640 Project, and makes no reference to lumber being sold to Valwood.  (136-142).  In fact, in Golec's report, Wilson is not listed as a source of information concerning the Valwood allegations.  (269-272).  Golec does, however, report that beginning in May 1995, trees taken from the 640 Project were taken to Valwood and sold, and that the checks for the trees were made out to Greene, Orr, and Brown, the exact allegations the Relator makes.  (266, 269-272).  The similarities between Relators' TAC and the allegations in Golec's report are clear evidence that she derived the allegations in her complaint from the Audit Report.  *United States ex. rel. Vuyyuru*, 555 F.3d at 350-51 (accepting district court's conclusion that "remarkable similarities" between publicly disclosed news article and Third Amended Complaint are "significant proof that the latter are 'actually derived' from the former.").

C.    **The District Court did not err in Concluding that Wilson was Not an Original Source**

As the TAC was derived from the public disclosure of the Audit Report and USDA Report, the last question for this Court is whether the district court erred in finding that the Relator was not an original source of the information.  *United States of America ex. rel. Grayson v. Advanced Management Technology, Inc.*, 221 F.3d 580, 582 (4th Cir. 2000).  The Relator cannot demonstrate that she is the

16

original source of the information in her TAC. An original source under the FCA is "an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on this information." 31 U.S.C. § 3730(e)(4)(B). The Relator cannot meet her burden of demonstrating that she is the original source of the allegations in the TAC because the knowledge she gained was not "acquired…through [her] own efforts" and was "dependent on public disclosure." *U.S. ex. rel. Grayson*, 221 F.3d at 583.

### 1.    The Audit Report

Graham District meeting minutes from 1995 do not reflect that Wilson informed Wiggins of any problems in the administration of the EWP program. (422-423). While she alleged that she told Wiggins and the Graham District supervisors about problems in 1995, she was unable to specify exactly what she told them: "I'm not sure. To some degree I'm sure I told them about it." "I'm sure I told them something of that nature." (386). "[M]ere suspicion that there must be a false or fraudulent claim lurking around somewhere simply does not carry [the] burden of proving that [the Relator]is entitled to original source status." *U.S. ex. rel. Vuyyuru*, 555 F.3d. at 353.

Her lack of knowledge was demonstrated in her letter to Gallo on December 7, 1995, before the Audit Report was released. In that letter, she admits

17

that the Graham District, her employer, and Graham County have "been misinformed and kept in the dark continuously about the funds." (388). Wilson acknowledges speaking with the auditors, and requesting a copy of the audit. (340-341). After the Relator received a copy of the Audit Report, the Relator filed this TAC alleging that the same entities which were "misinformed and kept in the dark" violated the False Claims Act in the exact manner described in the audit.

The Relator claims that bidding was required under the EWP , and that some of the work that was certified was, in fact, not done. (51-¶31e). However, the Relator had no independent knowledge of this information, as she acknowledged in her letter to Gallo. She did not inspect the seeding, so she would have no basis, other than the allegations in the audit, for any contentions that the seeding wasn't done. (661). In addition, Greene never explained to the board that bidding was required, (434), and the Relator had no legal training (430). Given that all of the federal employees involved unequivocally stated that bidding was not required, Orr could do the work (322-323, 328-329, 346-349), and Greene never informed the Board about the bidding, it is clear that Wilson based her erroneous bidding theory, not on any personal knowledge, but on the audit.

The Relator failed to provide facts to the district court that might establish herself as an original source of information contained in the Audit Report. She also failed to provide the district court with specific facts showing that she had

18

direct and independent knowledge of the Audit Report. She did not participate in the Audit Report, and does not refer to own research or documentation to prove that she had direct and independent knowledge of findings contained in the Audit Report. *Battle v. Board of Regents for the State of Georgia*, 468 F.3d. 755, 762-763 (11th Cir. 2006) (finding that Relator was not an original source of information contained in state audits because the Relator did not participate in the audits or have independent knowledge of the findings in the audits).

### 2.    The USDA Report

It is undisputed that Wilson was not one of the sources listed in Golec's report concerning the Valwood allegations. Golec received his information from a review of the EWP job diary, and two Cherokee District employees, Chad Decker, and Jerry Ware. (269-270). In fact, it was common knowledge that Greene was taking lumber from Valwood: Golec noted that Richard Honeycutt, the county manager for Cherokee County; Mike Hawk, former chairman of the Cherokee District; Steve Jordan, a local businessman; Randy Wiggins, Cherokee County finance officer; and Greene himself, were additional sources for this information. (270-272). Wilson cannot show, as she must, that she was an original source of this information independent from the public disclosures by numerous other county employees. *See United States of America v. Catholic Healthcare West*, 445 F.3d. 1147, 1151 n.1 (9th Cir. 2006) (public disclosure triggering the statute's bar does

19

not have to occur from a single source but can occur from multiple sources.); *United States of America ex. rel. Stinson, Lyons, Gerlin, and Bustamante, P.A. v. The Prudential Life Ins. Co.*, 944 F.2d 1149, 1155-56 (3d Cir. 1991) (the statute is designed to "preclude *qui tam* suits based on information that would have been equally available to strangers to the fraud transaction had they chosen to look for it as it was to the relator.").

> **3. Even if Relator did not derive her claims against the Cherokee County Defendants from the USDA report, the trial court did not err in finding that she had failed to carry her burden to establish she was an original source.**

As noted above, Wilson's claims regarding the Cherokee District defendants involve claims of unspecified "similar fraudulent activity" as in Graham County, and more specifically, the theft and illegal sale of logs from the Valley River. Relator, however, admitted that she was not present at any meeting of the Cherokee District when any relevant act or decision took place, that she only knew the three individual Cherokee County defendants, Tipton, Newton, and Wood by occasionally seeing one or all at a district meeting and that she was requesting documents "on a steady basis" from Karen Bates, the Cherokee SWCD secretary. (Docket Entry 222-1, pp. 66-70). As found by the trial court, in her statement to Golec, Wilson claimed that Orr had told her Greene was stealing trees from the river but could not identify in what manner this constituted a false claim to the government. (Docket Entry 353, p. 40). The trial court correctly found that the

fact Wilson derived her allegations regarding the theft of the timber from Orr made him an "intervening agency" and was enough alone to disqualify her as an original source.  (Docket Entry 353, p. 41).  This conclusion is bolstered by Wilson's admission in her deposition that the allegations against the Cherokee District defendants were based not on her personal knowledge, but on her belief that "if it stinks in one bed, it probably stinks in the other bed.  (640).  These admissions by Relator establish that she was not and cannot be an original source of any alleged false claim arising in Cherokee County.  The trial court correctly found that Wilson's mere suspicion that there must be a false or fraudulent claim lurking about is insufficient to carry her burden of proving that she is entitled to original source status.

## CONCLUSION

The Graham County Defendants, Graham District Defendants, and Cherokee District Defendants respectfully contend that the district court did not err in holding that Relator failed to meet her burden of showing that this Court has subject matter jurisdiction over the allegations contained in the TAC, and ask this Honorable Court to affirm the judgment of the district court.

Dated:  March 5, 2014

s/Sean F. Perrin
Sean F. Perrin
WOMBLE CARLYLE SANDRIDGE & RICE
301 South College Street, Suite 3500
Charlotte, NC 28202
Phone:  (704) 331-4992
Fax:  (704) 338-7814
E-mail:  sperrin@wcsr.com

*Counsel for Defendants-Appellees Graham County, Dale Wiggins, Raymond Williams, Lynn Cody*

s/Martin McCracken
Martin McCracken
NORTH CAROLINA DEPARTMENT OF JUSTICE
1505 Mail Service Ctr.
Raleigh, NC  27699
(919) 707-4480

*Counsel for Defendants-Appellees Graham County Soil and Water Conservation District, Gerald Phillips, Allen Dehart, Lloyd Millsaps, Cherokee County Soil and Water Conservation District, Bill Tipton, C.B. Newton and Eddie Wood*

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

### Certificate of Compliance with Type-Volume Limitation, Typeface

### Requirements and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

> this brief contains 4,884 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

> This brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>Times New Roman 14 point</u>.

> <u>s/Sean F. Perrin</u>

Dated:  March 5, 2014

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on March 5, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ ECF System, which will send notice of such filing to the following registered CM/ ECF users:

| | | |
|---|---|---|
| Mark T. Hurt<br>The Law Offices of Mark T. Hurt<br>159 West Main St.<br>Abingdon, VA 24210<br>(276) 623- 0808 | Martin McCracken<br>NC Dept. of Justice<br>1505 Mail Service Ctr.<br>Raleigh, NC 27699<br>(919) 707-4480 | Zeyland G. McKinney Jr.<br>McKinney Tallant &<br>Bryson, P.A.<br>P.O. Box 1549<br>Robbinsville, NC 28771<br>(828) 479-2442 |
| *Counsel for Appellant* | *Counsel for Defendants Graham County Soil and Water Conservation District, Gerald Phillips, Allen Dehart, Lloyd Millsaps, Cherokee County Soil and Water Conservation District, Bill Tipton, C.B. Newton, and Eddie Wood* | *Counsel for Defendant Keith Orr* |

In addition to the above, a copy of the foregoing is being sent via U.S. Mail, postage pre-paid, to the following:

| | | |
|---|---|---|
| Richard Green<br>P.O. Box 96<br>Topton, NC 28781 | William Timpson<br>P.O. Box 318<br>Marble, NC 28905-0196 | Billy Brown<br>P.O. Box 1185<br>Robbinsville, NC 28771 |
| *Pro Se* | *Pro Se* | *Pro Se* |

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Adrienne R. Acra-Passehl
Adrienne R. Acra-Passehl
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street, Suite 230
Richmond, VA  23219